# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1222

_____

| | | |
|---|---|---|
| Timothy J. Elbert, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| True Value Company, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: November 13, 2008
Filed: December 19, 2008

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Timothy J. Elbert brought this action for retaliatory discharge against his former employer True Value Company under 49 U.S.C. § 31105(a) of the Surface Transportation Assistance Act (STAA). The district court[1] granted the motion to dismiss for True Value, concluding that the retroactive application of an amendment to the STAA would affect the company's substantive rights. Elbert appeals, and we affirm.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Elbert, a truck driver for True Value, inspected a trailer he was scheduled to operate on January 11, 2005 and concluded that the brakes were not in good working order. He informed his supervisors that the brakes were faulty so he would not drive the trailer. On January 13 True Value discharged Elbert.

In March 2005 Elbert used STAA procedures, see 49 U.S.C. § 31105(b)(1), to file a retaliatory discharge complaint with the Occupational Safety and Health Administration (OSHA). OSHA served a preliminary finding and no cause determination on the parties on April 29. Elbert filed objections and sought an administrative hearing. After discovery and motion practice, a Department of Labor administrative law judge conducted a six day hearing in June 2005. The judge issued a recommended decision and order dismissing Elbert's claims on November 16, 2006, but a final order was not issued within the 120 day period provided by statute. See id. § 31105(b)(2)(c) ("[n]ot later than 120 days after the end of the hearing, the Secretary shall issue a final order").

STAA was amended in accordance with the Implementing Recommendations of the 9/11 Commission Act of 2007, effective August 3, 2007, see Pub. L. No. 110-53, § 1536, 121 Stat. 266, 464-67. The amendment strengthened protections for employees who complain of potential dangers and deficiencies regarding motor carrier equipment. Of relevance to Elbert was one new subsection which conferred federal district courts with jurisdiction over employee complaints, without regard to the amount in controversy, whenever the Secretary of Labor has not issued a final decision within 210 days after filing of the complaint and the delay was not due to the bad faith of the employee. See 49 U.S.C. § 31105(c). Another new subsection of the amendment provided for punitive damages up to $250,000; previously only compensatory damages were available. See id. § 31105(b)(3)(C).

Three days after the enactment of the STAA amendment, Elbert filed this retaliatory discharge action in the district court. True Value sought dismissal under

Fed. R. Civ. P. 12(b)(6), arguing that the new jurisdiction conferring provision in § 31105(c) may not be applied retroactively.

The district court granted True Value's motion to dismiss, holding that the new jurisdictional amendment to STAA may not be applied retroactively because it would affect True Value's substantive rights. The district court concluded that since the parties had already engaged in discovery, had an administrative hearing, and were awaiting a final order, the retroactive application of § 31105(c) would create new obligations for True Value by allowing Elbert to bring a fresh action with identical allegations to those that were already being litigated at OSHA. This appeal followed.

We review de novo the grant of a Rule 12(b)(6) motion to dismiss, taking all facts alleged in the complaint as true. See Koehler v. Brody, 483 F.3d 590, 596 (8th Cir. 2007). In determining whether retroactive application of a statute would have an impermissible effect, we first consider "whether Congress has expressly prescribed the statute's proper reach." Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994). If it has not, the traditional presumption against retroactive legislation must be considered. See id. at 265 ("the presumption against retroactive legislation is deeply rooted in our jurisprudence"). A statute may not be given retroactive effect if doing so "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. at 280. An amendment creating jurisdiction where none previously existed "speaks not just to the power of a particular court but to the substantive rights of the parties as well." Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 951 (1997). "Such a statute, even though phrased in 'jurisdictional' terms, is as much subject to [the] presumption against retroactivity as any other." Id.

The parties have conceded that neither the plain language of § 31105(c) nor its legislative history signals a congressional intent for retroactive application. Elbert characterizes the STAA's jurisdiction conferring amendment as a procedural change

that merely shifts the forum for his statutory claim. He also argues that True Value's substantive rights are not at risk because he is not requesting punitive damages pursuant to § 31105(b)(3)(C).

In Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc., 339 F.3d 1001 (8th Cir. 2003), we held that a jurisdiction conferring provision in the Interstate Commerce Commission Termination Act (ICCTA) could not be given retroactive effect under Landgraf and Hughes Aircraft Co. That was because "by permitting [plaintiffs] to bring their own actions against motor carriers, the ICCTA expand[ed] the class of plaintiffs who could bring claims, thereby altering the motor carriers' substantive rights." New Prime, 339 F.3d at 1007. We noted that "[t]he rationale for th[e] presumption [against retroactive legislation] is that elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." See id. (citation omitted).

STAA's jurisdiction conferring amendment similarly broadened the class of individuals who may pursue a cause of action in district courts. Following the New Prime analysis, we conclude the STAA amendment has an impermissible retroactive effect in Elbert's case. We decline to accept his characterization of the STAA amendment as a procedural change that merely shifts the forum for his claim because "[w]hen determining whether a new statute operates retroactively, it is not enough to attach a label (e.g., 'procedural,' 'collateral') to the statute; we must ask whether the statute operates retroactively." See Martin v. Hadix, 527 U.S. 343, 359 (1999); see also Landgraf, 511 U.S. at 275 n.29 (recognizing that new procedural rules may have retroactivity concerns)

We are also unpersuaded by Elbert's argument that True Value's substantive rights are not at risk since he is not seeking punitive damages in the district court. To permit Elbert to relitigate his claims in the district court when the parties have already engaged in discovery and motion practice in his administrative case would result in

additional costs to True Value.  See Martin, 527 U.S. at 360 (when work has been done before statute became effective, imposition of new standards could upset reasonable expectations of parties who may have proceeded on assumption that prior statute was in effect); Hughes Aircraft Co., 520 U.S. at 947 ("Every statute, which . . . creates a new obligation . . . in respect to transactions or considerations already past, must be deemed retrospective.") (citation omitted); see also Landgraf, 511 U.S. at 281 ("Retroactive imposition of punitive damages would raise a serious constitutional question.").  Moreover, even if True Value were not exposed to a different type of liability in the district court, the fact that punitive damages were previously unavailable may have impacted its employee relations.  Cf. id. at 283 n.35 (applying damages provision retroactively would raise fairness concerns because they would not serve purpose of motivating employers to take preventive action before discriminatory conduct occurs).

We conclude that the district court did not err in dismissing Elbert's federal court action since the STAA's jurisdiction conferring amendment increased the universe of employees who could pursue their claims in federal court and would impose new obligations affecting True Value's substantive rights.  Accordingly, we affirm the judgment of the district court.

_____